UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACKIE MILAZZO, JR.,

    Plaintiff,

v.                                        Case No. 2:21-cv-550-JLB-MRM

THE FIRST LIBERTY INSURANCE
CORPORATION and LIBERTY MUTUAL
INSURANCE COMPANY,

    Defendants.

_____

# ORDER

Plaintiff Jackie Milazzo, Jr. purchased property insurance from Defendants First Liberty Insurance Corporation ("First Liberty") and Liberty Mutual Insurance Company ("Liberty Mutual"). Contrary to Mr. Milazzo's belief and alleged representations by Defendants, the insurance policy did not provide coverage for the property's roof. Following damage to Mr. Milazzo's roof and an apparent denial of his claim for benefits, he sued Defendants, which now move to dismiss the complaint. (Doc. 15.)  After careful review, the motion is **GRANTED**.

## BACKGROUND

As alleged, Defendants issued Mr. Milazzo a property insurance policy. (Doc. 3 at 2, ¶ 7.)  At the time he obtained the policy, Mr. Milazzo notified Defendants that his property was residential and owned in fee simple. (Id. ¶ 10.) Defendants' representatives assured him that the property was covered for perils such as wind, hail, and storm damage to the property, including the roof system,

and that his roof system was covered against perils through, and in connection with, his homeowner association. (Id. ¶¶ 12, 14.) Relying on those representations, Mr. Milazzo purchased insurance to cover the property against wind, hail, and storm damage. (Id. ¶ 15.)

In 2017 and 2018, hurricane, tropical storm, and other wind forces severely damaged the property and its roof system, requiring a full roof replacement. (Id. ¶¶ 16–18.) Mr. Milazzo reported the claim to Defendants, which informed him that they "wrongly insured the [p]roperty as a condominium property rather than as residential property owned in fee simple by [Mr. Milazzo]." (Id. at 3, ¶¶ 19–20.)

Mr. Milazzo filed suit in Florida state court, raising six identical claims against each Defendant: fraud and misrepresentation (Counts I, VII); fraud in the inducement (Count II, VIII); common law deceit (Count III, IX); breach of fiduciary duty (Count IV, X); rescission of contract (Count V, XI); and exploitation of the elderly (Count VI, XII). (Doc. 3; Doc. 18 at 5, 11 (acknowledging that the "counts against each defendant are identical as to the material factual allegations").) Defendants removed the action to this Court based on diversity jurisdiction. (Doc. 1.) They now move to dismiss the complaint on several grounds. (Doc. 15.) Mr. Milazzo has filed a response in opposition, requesting that any dismissal be with leave to amend. (Doc. 18 at 4.)

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to

the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

The complaint is due to be dismissed, and Mr. Milazzo will be allowed an opportunity to replead. First, he has not pleaded his fraud claims with the particularity required by Federal Rule of Civil Procedure 9(b). Similarly, several counts are due to be dismissed because they are not supported by the necessary, non-conclusory factual allegations. As to the breach of fiduciary duty claims, no allegations establish that Defendants owed Mr. Milazzo a fiduciary duty. The exploitation of the elderly claims, as alleged in the operative complaint, do not present a valid cause of action. The claims against Liberty Mutual are further subject to dismissal because it did not insure Mr. Milazzo's property. Lastly, Mr. Milazzo has not pleaded a basis to support an award of attorney's fees as to each count.

### I. All counts, except breach of fiduciary duty, do not satisfy Rule 9(b).

As Defendants correctly contend, Counts I, II, III, V, VI, VII, VIII, IX, XI, and XII relate to fraud or are premised on fraudulent acts.[1]  As pleaded, however, the counts do not satisfy Federal Rule of Civil Procedure 9(b)'s requirement that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Such claims must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006).

First, the complaint does not specify which statements were made in what documents or oral representations or what omissions were made.  In other words, Mr. Milazzo has not pleaded precisely "the words used" or "facts to show that the statements (or omissions) were material and factual—not opinions on future events or promises of future actions—and the manner in which the statements (or

---

[1] Indeed, Mr. Milazzo acknowledges that all claims except breach of fiduciary duty, rescission of contract, and exploitation of the elderly are subject to Rule 9(b). (Doc. 18 at 11).  Additionally, the complaint makes clear that the rescission of contract and exploitation of the elderly claims are also based on the alleged fraudulent misrepresentations.  See Gen. Star Indem. Co. v. Triumph Hous. Mgmt., LLC, No. 1:18-cv-1770-TCB, 2018 WL 8949452, at *4 (N.D. Ga. Nov. 9, 2018) ("Because [the] rescission claim is based on alleged fraud, it must comply with the heightened pleading standards for fraud-based claims set forth in Rule 9(b).").

4

omissions) were misleading." Swipe for Life, LLC v. XM Labs, LLC, No. 10-22337-CIV, 2011 WL 13220765, at *3 (S.D. Fla. Aug. 19, 2011). Instead, Mr. Milazzo alleges that Defendants made vague assurances and representations. (Doc. 3 at 2, ¶¶ 12–13); see Johnson v. Amerus Life Ins. Co., No. 05-61363-CIV, 2006 WL 3826774, at *4 (S.D. Fla. Dec. 27, 2006) (dismissing claim with vague and conclusory allegations).

Additionally, Mr. Milazzo does not allege with any specificity the time or place of such statements. And although he alleges that Defendants made the assurances and representations, the alleged statements or omissions must be "attributed to a specific person," not a corporate entity. See Travelers Prop. Cas. Co. of Am. v. Charlotte Pipe & Foundry Co., No. 6:11-cv-19-ORL-28GJK, 2012 WL 983783, at *6 (M.D. Fla. Mar. 22, 2012); see also Zarrella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1224 (S.D. Fla. 2010) (dismissing complaint that failed "to identify the time and place of the alleged statements regarding the insurance policies, who made those statements, and what information [the defendant] had or could have had in its possession to indicate that the statements were false when made").

Accordingly, the counts based on fraud or mistake, Counts I, II, III, V, VI, VII, VIII, IX, and XI are dismissed with leave to amend.[2]

---

[2] Defendants contend that Mr. Milazzo also fails to allege how the assurances misled him when he "had a duty to learn and know the contents of the insurance policy." (Doc. 15 at 4.) However, because of the noted deficiencies, the Court need not resolve this contention.

**II.    Several counts lack supporting factual allegations.**

Similarly, several of the counts are insufficiently pleaded and, instead of providing factual allegations in support, rely on conclusory allegations.  For example, a claim of fraud requires "(1) that there was a false statement concerning a specific material fact; (2) that the representor knew, or should have known, that the representation was false; (3) an intention that the representation induce another to act on it; and (4) a consequent injury to the party acting in justifiable reliance on the representation."  Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1439 (M.D. Fla. 1998).  But here, the complaint is replete with conclusory allegations and does not include factual details as to the false statement or any intention that the representation was made to induce Mr. Milazzo to act on it.  (Doc. 3 at 3, ¶¶ 25–29).

Turning to Counts II and VIII, "[t]he elements of a claim for fraud in the inducement in Florida are: (1) that the defendant misrepresented a material fact; (2) that the defendant knew or should have known that the statement was false; (3) that the defendant intended that the representation would induce the plaintiff to enter into a contract or business relation; and (4) that the plaintiff was injured by acting in justifiable reliance on the misrepresentation."  Geico Marine Ins. Co. v. Baron, 426 F. Supp. 3d 1263, 1265 (M.D. Fla. 2019).  In support, Mr. Milazzo merely alleges that Defendants' "misrepresentations induced [him] to purchase coverage," and that Defendants "fraudulently induced [him] to purchase the insurance to his detriment."  (Doc. 3 at 4, ¶¶ 32–33).  Again, these conclusory allegations, which pertain only to the first and fourth elements of the cause of action, are insufficient.

6

As to Counts III and IX, the factual basis supporting the common law deceit claims is unclear. Indeed, in support Mr. Milazzo merely "realleges Paragraphs 1–22 as if fully set forth herein." (Id. ¶¶ 34–35.) This is likewise insufficient. It is therefore not possible to determine whether, as Defendants contend, the counts are due to be dismissed as "repetitive and redundant." (Doc. 15 at 7); see Friskney v. Am. Park & Play, Inc., No. 04-80457-CIV, 2005 WL 8156051, at *3 (S.D. Fla. Mar. 28, 2005) (noting that common law deceit is "essentially a cause of action for fraudulent inducement"). As to each of these counts, Mr. Milazzo will be provided leave to amend.

### III. Mr. Milazzo does not establish a fiduciary relationship to support the breach of fiduciary duty counts.

As Defendants correctly contend, the breach of fiduciary duty claims raised in Counts IV and X are due to be dismissed because Mr. Milazzo has not adequately alleged a fiduciary relationship. "The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1342 (M.D. Fla. 2006).

Mr. Milazzo alleges that Defendants are the insurers of his property. However, a fiduciary duty does not exist in an arm's length transaction. See Mac-Gray Servs., Inc. v. DeGeorge, 913 So. 2d 630, 633 (Fla. 4th DCA 2005). More specifically, unlike in the context of a third-party claim, there is no fiduciary relationship between an insurer and an insured under Florida law. See Hogan v. Provident Life & Acc. Ins. Co., 665 F. Supp. 2d 1273, 1286 (M.D. Fla. 2009); see also

7

Doe v. Allstate Ins. Co., 653 So. 2d 371, 374 (Fla. 1995) (insurer in defending a claim has "a fiduciary duty requiring the exercise of good faith").

By contrast, insurance brokers may owe a fiduciary duty to their clients. See Insurance Agent and Broker Liability, 40 Tort Trial & Ins. Prac. L.J. 1, 11–12 (2004). To the extent Mr. Milazzo seeks to raise these claims against Defendants as his insurance agent or broker, Florida law distinguishes between the two. As the Florida Supreme Court has explained:

> A representative of the insured is known as an "insurance broker." A broker represents the insured by acting as a middleman between the insured and the insurer, soliciting insurance from the public under no employment from any special company, and, upon securing an order, places it with a company selected by the insured, or if the insured has no preference, with a company selected by the broker. In contrast, an "insurance agent" represents an insurer under an exclusive employment agreement by the insurance company. . . .

Essex Ins. Co. v. Zota, 985 So. 2d 1036, 1046 (Fla. 2008). Here, there are no such allegations establishing that Defendants served as Mr. Milazzo's insurance broker or otherwise owed him a fiduciary duty. Instead, the allegations establish that Defendants sold Mr. Milazzo the insurance policy that they provided. Accordingly, the Counts IV and X are due to be dismissed with leave to amend.

## IV. The rescission counts improperly seek damages and further lack sufficient factual support.

Counts V and XI of the operative complaint allege rescission of contract, seeking damages for rescission. To state a rescission claim, a party must allege: "(1) the character or relationship of the parties, (2) the making of the contract, (3) the grounds for rescission, (4) that the party seeking rescission has done so and

8

informed the other party to the contract, (5) if the rescinding party has received benefits from the contract, that the party has offered to restore the benefits if possible, and (6) that no adequate remedy is available at law." SureTec Ins. Co. v. Nat'l Concrete Structures, Inc., No. 12-60051-CIV, 2012 WL 12860161, at *4 (S.D. Fla. July 3, 2012).  Damages are unavailable as a remedy on a recission claim. See Bliss & Laughlin Indus., Inc. v. Malley, 364 So. 2d 65, 66 (Fla. 4th DCA 1978). Accordingly, because he seeks damages, Mr. Milazzo's rescission claim is defective. (Doc. 3 at 6.)

Further, "[i]t is a general rule that a contract cannot be rescinded for fraud or misrepresentation where it is not possible to put the parties back in their original positions and with their original rights." Smith v. Chopman, 135 So. 2d 438, 440 (Fla. 2d DCA 1961).  Mr. Milazzo asserts that the "status quo as to the insurance transaction is to return to [him] the premiums paid in exchange for the wrong coverage subjecting his property to unprotected damage." (Doc. 18 at 8; Doc. 3 at 6, ¶ 50.)  However, Mr. Milazzo does not allege, even in conclusory terms, that no adequate remedy at law is available.  And although he must establish that if he received benefits from the contract he has offered to restore the benefits, he merely alleges in conclusory terms that he "received no benefit."  (Doc. 3 at 6, ¶ 46.)[3]

---

[3] In his response, Mr. Milazzo argues that, to the extent his allegations as to Defendants' conduct "can be construed as mistake," the allegations state a claim. (Doc. 18 at 9.)  But should Mr. Milazzo desire to pursue a rescission claim based on mistake, he must do so clearly and set forth adequate factual allegations in support. Those pleaded counts lack any allegations relating to due care, the equities, or whether rescission would be unconscionable.  See DePrince v. Starboard Cruise Servs., Inc., 271 So. 3d 11, 20 (Fla. 3d DCA 2018).

9

In summary, dismissal is warranted, and Mr. Milazzo will have an opportunity to replead the recission claims set forth in Counts V and XI.

## V. The exploitation of the elderly counts do not present a valid cause of action.

In Counts VI and XII, Mr. Milazzo attempts to raise claims under Fla. Stat. § 415.1111, titled "exploitation of the elderly," alleging that Defendants "stood in a position of trust and confidence with [him] by virtue of [their] fiduciary relationship with [him]." (Doc. 3 at 6, ¶¶ 51–57.) However, this is not a cognizable cause of action. Section 415.1111 creates a cause of action for abuse, neglect, or exploitation of a "vulnerable adult," which is defined as "a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging." Fla. Stat. § 415.102(28) (defining "vulnerable adult").

The complaint is devoid of any factual allegations establishing that Mr. Milazzo is a vulnerable adult. Accordingly, as he acknowledges, dismissal is appropriate. (Doc. 18 at 10 ("[Mr. Milazzo] agrees that the counts for exploitation of the elderly are insufficiently pled to state a claim.")); see Woodruff v. TRG-Harbour House, Ltd., 967 So. 2d 248, 250 (Fla. 3d DCA 2007) (affirming dismissal of claim under § 415.1111 that "failed to set forth facts sufficient to state a claim that [plaintiff] was a 'vulnerable adult'"). Even more, the claim fails to support a showing of abuse, neglect, or exploitation with non-conclusory factual allegations. See Fla. Stat. § 415.102(1), (8), (16). Indeed, it is not clear that the definition of

10

abuse, neglect, or exploitation even "contemplate[s] an insurance company's sale of an insurance policy." See Joseph v. Bernstein, 612 F. App'x 551, 557 n.6 (11th Cir. 2015). In summary, Counts VI and XII are due to be dismissed with leave to amend.

## VI. The claims against Liberty Mutual are subject to dismissal.

Throughout his complaint, Mr. Milazzo alleges the same conduct as to both First Liberty and Liberty Mutual. (Doc. 3.) He explains that he "does not have a copy of the insurance policy" and that "[u]pon a sufficient demonstration that Liberty Mutual is not the insurer who issued the subject policy and that the insurance agent who sold the policy was not an employee or agent of Liberty Mutual, [he] will dismiss Liberty Mutual as a party defendant." (Doc. 18 at 5.) In their motion to dismiss, Defendants include the relevant insurance policy, which identifies First Liberty as the insurer. (Doc. 15-1.) The Court may consider the document, which is referred to in the complaint, central to Mr. Milazzo's claims, and of undisputed authenticity. See Roberts v. Carnival Corp., 824 F. App'x 825, 826 (11th Cir. 2020).

There are no additional allegations which support the claims against Liberty Mutual. And a parent company is not liable for the acts or liabilities of a subsidiary. See Molenda v. Hoechst Celanese Corp., 60 F. Supp. 2d 1294, 1300 (S.D. Fla. 1999). Accordingly, it appears that the claims against Liberty Mutual are also subject to dismissal on this basis. See, e.g., CMR Construction & Roofing LLC v. Liberty Mut. Ins. Co., No. 2:19-cv-809-FtM-38NPM, 2020 WL 89586, at *1 (M.D. Fla. Jan. 7, 2020) (dismissing lawsuit against Liberty Mutual where policy was

11

issued by Liberty Mutual Fire Insurance Company); MSPA Claims 1, LLC v. Liberty Mut. Ins., No. 1:15-cv-21417-UU, 2015 WL 4511284, at *2 (S.D. Fla. July 22, 2015) (same).  If Mr. Milazzo decides to file an amended pleading, his amended complaint must be consistent with the above.

### VII. Mr. Milazzo must identify the basis supporting his request for attorney's fees.

As Defendants observe, each count includes a request for attorney's fees, through Mr. Milazzo does not specify the basis supporting the fee request as to each count.  (Doc. 3.)  "[A] court may grant a motion to strike a demand for attorney's fees, where the Plaintiff fails to plead a contractual or statutory basis or none exists."  Resmondo v. New Hampshire Ins. Co., No. 8:13-cv-2907-T-30EAJ, 2013 WL 6894857, at *1 (M.D. Fla. Dec. 31, 2013).  Should Mr. Milazzo decide to file an amended complaint and seek fees, he is directed to include the basis supporting the fee request as to each count.[4]

### VIII. Motion for expedited trial

Lastly, Mr. Milazzo incorrectly asserts that Defendants seek to strike his request for an "expedited trial" under section 415.1115.  (Doc. 18 at 14–15.)[5]  In all

---

[4] Mr. Milazzo incorrectly asserts that Defendants only seek to strike the request for attorney's fees as to exploitation of an elder counts.  (Doc. 18 at 10.)  To the contrary, the section 415.1111 claims are the only counts on which Defendants do not move to strike the request for attorney's fees.  (Doc. 15 at 14 n.2.)

[5] The relevant section provides as follows:

> In a civil action in which a person over the age of 65 is a party, such party may move the court to advance the trial on the docket. The presiding judge, after consideration of the age and health of the party, may advance the trial on the docket. The

events, no such motion is pending before this Court, and any motion requesting related relief must comply with the Local Rules.

## CONCLUSION

For the reasons above, it is **ORDERED**:

1. Defendants' motion to dismiss (Doc. 15) is **GRANTED**.

2. The complaint (Doc. 3) is **DISMISSED without prejudice**.

3. On or before December 23, 2021, Mr. Milazzo may file an amended complaint consistent with this Order. Failure to file an amended complaint by that date will result in the immediate dismissal of this action without further notice.

**ORDERED** in Fort Myers, Florida, on December 9, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

motion may be filed and served with the initial complaint or at any time thereafter.

Fla. Stat. § 415.1115.